OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Toledo Municipal Court, which dismissed appellant's objections to the magistrate's denial of appellant's request for a writ of restitution.
Appellant, Neighborhood Properties, Inc., sets forth the following as its sole assignment of error on appeal:
 "The trial court erred as a matter of law in upholding the magistrate's decision thereby denying the landlord lawful possession of the premises."
On May 28, 1998, appellee entered into a lease with appellant for a rent-subsidized apartment at 2306 Torrey Hill, Toledo, Ohio. On October 7, 1998, appellant filed a forcible entry and detainer action in the Toledo Municipal Court, in which appellant alleged that appellee had not paid any rent since signing the lease and, at the time the complaint was filed, appellee owed appellant $474 in unpaid rent. On December 4, 1998, a hearing was held before the magistrate.
On December 8, 1998, the magistrate filed a decision in which she found, based on the testimony presented by the parties at the hearing, that appellee owed appellant $474 in unpaid rent, and that appellant properly served appellee with three days notice pursuant to R.C. 1923.04. The magistrate further found:
 "[Appellee] tendered $494.00 to [appellant] after [appellant] served notice to leave premises for default of $474.00. — [Appellant] refused tender with knowledge that [appellee] would have no other income prior to Nov. 1, 1998 and where [appellee] had asked [appellant] to recertify his rent based upon his income."
The magistrate ultimately found that appellant was not entitled to a writ of restitution.
On December 17, 1998, appellant filed objections, in which it argued that the facts presented at the hearing did not support the magistrate's decision. Appellant further argued that the magistrate erred as a matter of law by denying the writ of restitution, because appellee did not offer to pay appellant $494 in back rent until after appellant gave notice that it intended to evict appellee from the apartment. Appellant did not file a transcript of the hearing along with its objections. On January 1, 1999, appellee filed objections to the magistrate's decision.
On February 5, 1999, the trial court summarily denied appellant's objections as not being in compliance with Civ.R. 53(E)(3)(b). On February 16, 1999, a timely notice of appeal was filed.
Appellant argues on appeal that the trial court erred by dismissing his objections for noncompliance with Civ.R. 53(E)(3)(b), which provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact * * *." Appellant argues that, in this case, a transcript of the proceedings below is not required because the basis for its objections was "an application of law to the facts as set fourth [sic] in the Magistrate's Findings of Fact." In support thereof, appellant relies on this court's prior holding that "the acceptance * * * of past due rent does not waive the statutory three-day notice" of eviction proceedings. Sterling Health Care Group, Inc. v.Laughlin (May 28, 1993), Wood App. No. 92WD051, unreported, citingGraham v. Pavarini (1983), 9 Ohio App.3d 89.
A review of the record shows that the lease executed by appellant and appellee contains a provision for recertification of a tenant's rent in the event of a decrease in the tenant's income. The lease further provides that any rent reduction resulting from the recertification process will be retroactive, and "the Landlord may not evict the Tenant for nonpayment of rent due during the period of the reported decrease and the completion of the recertification process." After receiving notice that the recertification process has been completed, the tenant has thirty days in which to pay any rent due before the landlord may begin eviction proceedings.
The record further reveals that, in its objections to the magistrate's finding that appellee tendered full payment of back rent, appellant asserted that:
 "[t]his finding is contrary to the evidence, as the [appellant] asserted that the [appellee] merely called the [appellant] and suggested that he had $494.00, but in fact never actually tendered the money. Furthermore, while the [appellant] did meet with the [appellee] for the purpose of determining whether or not he was entitled to a recertification and/or recalculation of his rent based upon his income, due to the fact that the [appellee] was still entitled to receive the same amount of funds from social security and that any checks which he had not received had either been issued and/or reissued, the [appellee] was not entitled to a modification of his rent."
It is apparent from the above-cited portions of the record that the issue of whether appellee was entitled to recertification of his rent was addressed at the hearing before the magistrate. It is equally apparent that the issue of whether appellee was entitled to recertification could have an impact on appellant's ability to evict appellee for nonpayment of rent. However, without a transcript of the hearing, the magistrate's findings cannot be reviewed by this court in their proper context.
This court has reviewed all of the available portions of the record that was before the trial court and, upon consideration thereof, finds that the trial court did not err by dismissing appellant's objections to the magistrate's decision pursuant to Civ.R. 53(E)(3)(b). Appellant's assignment of error is not well-taken. The judgment of the Toledo Municipal Court is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
James R. Sherck, J., Richard W. Knepper, J., MarkL. Pietrykowski, J., concur.